IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Aaron Jay Carter, ) | C/A No.: 0:13-1261-CMC-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Sheriff Mike Hunt. ) | |
| ) | |
| Respondent. ) | |

The petitioner, Aaron Jay Carter ("Petitioner"), a self-represented prisoner confined at the Aiken County Detention Center ("Detention Center"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner files this action *in forma pauperis* under 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. §636(b) and Local Civil Rule 73.02(B)(2) DSC. Having reviewed the petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

I.      Factual and Procedural Background

Petitioner alleges that he was removed from federal custody in March of 2012 pursuant to the Interstate Agreement on Detainers Act ("IADA") to await disposition in

---

[1] The petition listed the Detention Center, Captain Gallam, Sheriff Mike Hunt, and Solicitor Mark Miller as respondents in this case. (ECF No. 1 at 1.) A prisoner's custodian is generally the proper respondent in a habeas corpus action. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004). As Sheriff Mike Hunt operates the Detention Center and is the proper respondent in this case, a separately docketed order directs the Clerk of Court to terminate the Detention Center, Captain Gallam, and Solicitor Mark Miller as respondents in this action.

state court for charges of murder, attempted murder, and possession of a firearm during the commission of a violent crime. (ECF No. 1 at 3, 8.) Petitioner was serving a ten month federal sentence for violation of supervised release at the time of transfer. (*Id.*) Petitioner, who has now completed his federal sentence, claims that his state charges have not been tried within the IADA's 180-day time requirement. (*Id.* at 9.) Petitioner seeks immediate release and dismissal of all charges. (*Id.* at 12.)

II.     Discussion

   A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; and the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This court is charged with screening the petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; *see also* Rule 1(b) of Rules Governing § 2254, 28 U.S.C. foll. § 2254 (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

This court is required to liberally construe *pro se* petitions. *Erickson v. Pardus*, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, *id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *Erickson,* 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

B.     Analysis

1.     Petitioner's IADA claim is not cognizable under § 2241

Ordinarily, federal habeas corpus relief for a state prisoner is available post-conviction. However, *pretrial* petitions for habeas corpus are properly brought under 28 U.S.C. § 2241, "'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'" *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). Petitioner alleges that a violation of the Interstate Agreement on Detainers Act ("IADA") has resulted in his unlawful confinement. (ECF No. 1 at 8.) The IADA is a "compact entered into by 48 States, the United States, and the District of Columbia to establish procedures for resolution of one State's outstanding charges against a prisoner of another State." *New York v. Hill*, 528 U.S. 110, 111 (2000). The Fourth Circuit, along with the majority of federal circuits, holds that a violation of the IADA, without more, generally comprises no ground for habeas corpus relief. *See Kerr v. Finkbeiner*, 757 F.2d 604, 607 (4th Cir. 1985) (collecting cases); *see also Reed v. Farley*, 512 U.S. 339, 352 (1994). In *Kerr*, the Fourth Circuit noted that the petitioner, who sought habeas corpus relief for an alleged violation of the IADA time provisions for speedy disposition of untried charges, had introduced no evidence to show that the delay in disposition caused petitioner to suffer prejudice in his incarceration or in defending against his criminal charges. *Kerr*, 757 F.2d at 607. Because that the case did not "'present exceptional circumstances where the

need for the remedy afforded by the writ of *habeas corpus* [was] apparent,'" the Fourth Circuit held that the alleged violation of the 180-day IADA time provision did not present a cognizable habeas claim. *Id.* (citation omitted).

Similarly, the petition in this action provides no information to indicate that the Respondent's alleged delay in disposing of Petitioner's state criminal charges has prejudiced him in defending against those charges. Further, Petitioner indicates that he completed his federal sentence while in state custody. Thus, the petition fails to demonstrate that Petitioner's current detention in any way prejudiced his federal sentence. Therefore, Petitioner fails to show exceptional circumstances sufficient to warrant habeas review of his IADA claim.

> 2. The court should abstain from interfering in Petitioner's state criminal proceedings

In addition to immediate release from confinement, Petitioner seeks dismissal of his state criminal charges. (ECF No. 1 at 12.) Generally, "an attempt to dismiss an indictment or otherwise prevent a prosecution" is not attainable through federal habeas corpus. *Dickerson v. State of Louisiana*, 816 F.2d 220, 226 (5th Cir. 1987) (quoting *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976)). Further, in *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. *See Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401

U.S. at 43–44 (citation omitted). From *Younger* and its progeny, the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

    Petitioner states that he is currently detained pending disposition of state charges. Therefore, an ongoing state criminal proceeding exists satisfying the first part of the test. The second part of the test is met as the Supreme Court has noted that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Court also addressed the third criterion in noting "'that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam*, 75 F.3d at 904 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). Petitioner can pursue his claims in state court both during and after the disposition of his criminal charges. As Petitioner fails to demonstrate that he has no adequate remedy at law, or that he will suffer irreparable injury if denied his requested relief, *see Younger*, 401 U.S. at 43–44, Petitioner is precluded from federal habeas relief at this time.

*PJG*

       3.      Petitioner fails to demonstrate exhaustion of state remedies

The requirement that state remedies must be exhausted before filing a federal habeas corpus action is found in 28 U.S.C. § 2254(b)(1), which provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State . . . ." Although § 2241 itself does not contain an exhaustion requirement, a prisoner must first exhaust his administrative remedies before bringing a claim under that statute. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91 (1973); *see also McClung v. Shearin*, No. 03-6952, 2004 WL 225093, at *1 (4th Cir. Feb. 6, 2004) (citing *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001)). Petitioner indicates that his attorney has filed a motion for dismissal of the state charges, which remains pending. (ECF No. 1 at 9.) Petitioner provides no other facts in the petition to demonstrate exhaustion of state remedies. Thus, Petitioner fails to state a cognizable claim under, or meet the exhaustion requirement for, a habeas action pursuant to § 2241.

III. Conclusion

Accordingly, it is recommended that the petition in the above-captioned case be dismissed without prejudice.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 28, 2013
Columbia, South Carolina

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).